UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KING MICHAEL TUTANKHAMAN,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP, et al.<br><br>Defendants. | Case Nos. 2:22-cv-01440; 22-cv-1452; 22-cv-1454; 22-cv-1455; 22-cv-1460; 22-cv-1461; 22-cv-1476; 22-cv-1477; 22-cv-1478; 22-cv-1482; 22-cv-1483; 22-cv-1484; 22-cv-1486; 22-cv-1487; 22-cv-1488; 22-cv-1489; 22-cv-1490; 22-cv-1491; 22-cv-1492; 22-cv-1494; 22-cv-1495; 22-cv-1496; 22-cv-1498; 22-cv-1499; 22-cv-1500; 22-cv-1501; 22-cv-1502; 22-cv-1503; 22-cv-1508; 22-cv-1510; 22-cv-1511; 22-cv-1512; 22-cv-1513; 22-cv-1519; 22-cv-1520; 22-cv-1521; 22-cv-1522; 22-cv-1524; 22-cv-1525; 22-cv-1526; 22-cv-1527; 22-cv-1530; 22-cv-1546; 22-cv-1547; 22-cv-1556; 22-cv-1557; 22-cv-1569; 22-cv-1570; 22-cv-1571; 22-cv-1572; 22-cv-1573; 22-cv-1574; 22-cv-1575; 22-cv-1576; 22-cv-1577; 22-cv-1578; 22-cv-1579; 22-cv-1580; 22-cv-1581; and 22-cv-1582<br><br>**REPORT AND RECOMMENDATION** |

## I.     Introduction

Pending before the Court are 60 filings by Plaintiff most of which include *in forma pauperis* ("IFP") applications.  In addition to the 60 pending matters captioned above, there are (i) four cases in which recommendations to dismiss with prejudice are pending (including 22-cv-1459, 22-cv-1462, 22-cv-1504, and 22-cv-1523), (ii) two cases in which prior orders were issued granting leave to amend (22-cv-1440 and 22-cv-1454), and one case that is dismissed (22-cv-1219) with prejudice. The Court reviewed the 60 separate actions filed by Plaintiff, the first of which was filed on July 29, 2022, and the last of which was filed on September 19, 2022.  Whether an IFP application was filed by Plaintiff is not controlling to the below recommendation because the Court finds all matters, whether or not previously ruled on in some fashion, suffer from delusional and frivolous allegations on which Plaintiff cannot possibly prevail.  All of Plaintiff's filing should be dismissed with prejudice.  Moreover, as discussed below, the Court recommends Plaintiff be declared a vexatious

litigant such that he be enjoined from filing documents in the U.S. District Court for the District of Nevada without first obtaining leave of Court to do so.

**II.    Screening Standard**

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Complaints**

Of the 60 filings by Plaintiff in which no action has been taken by the Court, 55 attach blank criminal complaint forms.  Some of these filings—that is, 38 of them—also include a list of statutes that may or may not be those Plaintiff alleges the named defendant violated.  Seventeen of these filings include the blank criminal complaint form with no statutory references together with, in some cases, a document titled "Petition."  The five remaining cases in which the Court has not acted include indecipherable complaints against (i) Marcus Harvey—there are two of these—one containing a single page document and another containing a multiple page document both titled Petition (22-cv-1452, 22-cv-1574), (ii) Volkswagen Emissions Scandal (22-cv-1496) attaching receipts from Tire Choice and Team 1 Auto, (iii) the U.S. Veterans Initiative (22-cv-1495) attaching multiple incident report forms, other V.A. documents, and Las Vegas Metropolitan Police Department voluntary statements, and (iv) U.S. District Court (22-cv-1503) attaching a document titled Petition for Judicial Review.

Each of these 60 filings fails to allege any decipherable facts, let alone a cause of action.  As an initial matter, to the extent Plaintiff seeks to commence criminal proceedings he cannot do so.  Federal law does not permit private citizens to bring criminal prosecutions.  *Kidwell v. California Dep't. of Corrections and Rehabilitation*, Case No. 1:22-cv-00253-JLT-EPG (PC), 2022 WL 2307872, at *2 (E.D. Cal. June 27, 2022).  Further, all of Plaintiff's filings contain irrational—indeed, wholly incredible allegations—often stringing together words that allege, at best, nothing more than nonexistent legal interest and delusional scenarios.

Despite the Court's efforts, it is impossible to discern any cause of action in any of Plaintiff's filings that would survive screening after giving Plaintiff an opportunity to amend his filings.  In sum, the Court's review of all of Plaintiff's 67 actions reveals that Plaintiff cannot cure the deficiencies such that he can state a claim against any of the numerous defendants named.  For this reason, the Court recommends all 60 filings not previously ruled upon be dismissed with prejudice.

## IV.    Plaintiff Should Show Cause Why He Is Not A Vexatious Litigant

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources.  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Under the All Writs Act, a district court may order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of court before filing any future lawsuits.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  As explained in *De Long*, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  912 F.2d at 1148.  In contrast, the Ninth Circuit has cautioned district courts that vexatious litigant orders are an extreme remedy and should rarely be entered.  *Id.* (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523–26 (9th Cir. 1984)).  Such an order restricts access to the courts, which is a litigant's "final safeguard for vitally important constitutional rights."  *Wood*, 705 F.2d at 1525.  "The plaintiff's claims must not only be numerous, but also be patently without merit."  *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In deciding whether to restrict a litigant's access to the courts, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial

process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986). In doing so, courts examine five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 864.

As stated above, Plaintiff has filed 60 delusional matters with the Court over the last three months. These filings are indecipherable and while potentially not in bad faith, none demonstrate a good faith objective of prevailing on any claims asserted. Plaintiff is not represented by counsel, but his filings are so numerous, continuous, and meritless that review of each has caused needless expense to the Court and Court personnel. The Court finds there are no other sanctions that will adequately protect the Court from Plaintiff's ongoing filings other than a finding of vexatiousness.

**V.    Recommendations**

IT IS HEREBY RECOMMENDED that all 60 pending matter filed by Plaintiff that are listed in the caption be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be ordered to show cause in writing no later than **October 21, 2022**, why he should not be declared a vexatious litigant.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to show cause why he should not be declared a vexatious litigant, the Court declare Plaintiff vexatious and be enjoined and prohibited from filing documents in the U.S. District Court for the District of Nevada without first obtaining leave of Court to do so.

Dated this 20th day of September, 2022

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).